Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022


**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian Esq, (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Suite 1050
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCHUYLER HOFFMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>                   **PLAINTIFFS,**<br>**V.**<br><br>**BANK OF AMERICA CORPORATION AND BANK OF AMERICA, N.A.,**<br><br>                **DEFENDANT.** | **CASE NUMBER: 12CV0539 JAH (DHB)**<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

*Hyde & Swigart*
San Diego, California

**INTRODUCTION**

1.   SCHUYLER HOFFMAN ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of BANK OF AMERICA, N.A. and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain wire-tapping, eavesdropping, recording and listening equipment in order to record, monitor or listen to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 et seq., thereby invading Plaintiff's privacy.   Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2.   California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other.   Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.   There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.   Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording, monitoring, and/or eavesdropping upon its telephone conversations with California residents.

**JURISDICTION AND VENUE**

3.   Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff is a resident of California and Defendant's principle place of business is in Charlotte, North Carolina.   As the damages equal $5,000 per call, pursuant to Penal Code § 637.2(a), and Plaintiff believes that thousands of telephone calls took place

HYDE & SWIGART
San Diego, California

between Plaintiff, the Class Members and Defendant in the statutory class period, the amount in controversy far exceeds that of $75,000 seeks relief on behalf of a state-wide, California class, which will result in at least one class member belonging to a different state than that of Defendants.  Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.   Therefore, both diversity jurisdiction and the damages threshold under 28 U.S.C. § 1332 present, and this Court has jurisdiction.

4.   Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and the County of San Diego.

PARTIES

5.   Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

6.   Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is in Charlotte, North Carolina.  Defendant has a policy and practice of recording and/or monitoring telephone conversations with the public, including California residents.   Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including California residents.

FACTUAL ALLEGATIONS

7.   Defendant is, and at all times mentioned herein was, a corporation.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their codefendants, and in doing the things alleged in

1  this Complaint, were acting within the course and scope of that agency and

2  employment.

3  8.  At all times relevant, Plaintiff was an individual residing within the State of

4  California.

5  9.  On or about February 2, 2012, Plaintiff had telephone communications with

6  certain employees, officers and/or agents of Defendant that were initiated by

7  said employees, offices and/or agents of Defendant.  This conversation with

8  Plaintiff was, without Plaintiff's knowledge or consent, recorded, monitored,

9  and/or eavesdropped upon by Defendant, causing harm and damage to

10  Plaintiff.  Only at the end of the conversation, when Plaintiff inquired if the

11  call was being monitored and/or recorded Defendant's agent, Nicole Dousey

12  disclosed that the conversation was in fact being recorded.  At no time during

13  these calls did Plaintiff give his consent for the telephone calls to be

14  monitored, recorded and/or eavesdropped upon.

15  10.  Plaintiff is informed and believes, and thereon alleges, that during the relevant

16  time period, Defendant has had a policy and a practice of recording and/or

17  monitoring telephone conversations with consumers.  Defendant's employees

18  and agents are directed, trained and instructed to, and do, record, monitor,

19  and/or eavesdrop upon telephone conversations with the public, including

20  Plaintiff and other California residents.

21  11.  Plaintiff is informed and believes, and thereon alleges, that during the relevant

22  time period, Defendant has installed and/or caused to be installed certain

23  wire-tapping, eavesdropping, and listening equipment in its employees' or

24  agents' telephone lines.  Defendant uses these devices to overhear, record, and

25  listed to each and every telephone conversation on said telephone lines.

26  12.  Plaintiff is informed and believes, and thereon alleges, that during the relevant

27  time period, Defendant has had all of its calls to the public, including those

28  made to California residents, recorded, monitored, and/or eavesdropped upon

without the knowledge or consent of the public, including Plaintiff and other California residents.

13. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

15. Plaintiff represents, and is a member of, The Class defined as follows: "All persons in California whose inbound and outbound telephone conversations were monitored, recorded, eavesdropped upon and/or wiretapped without their consent by Defendant within the four years prior to the filing of the original Complaint in this action."

16. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

17. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

18. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

HYDE & SWIGART
San Diego, California

19. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a.  Whether Defendant has a policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls;

   b.  Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded, wiretapped, eavesdropped upon and/or monitored;

   c.  Whether Defendant's policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of California Penal Code §§ 631(a), 632(a) and/or 637;

   d.  Whether Defendant's policy of recording, wiretapping, eavesdropping upon, and/or monitoring incoming and/or outgoing calls constitutes a violation of California Business and Professions Code §§ 17200 *et seq.*;

   e.  Whether Defendant's policy of recording, wiretapping, eavesdropping upon, and/or monitoring incoming and/or outgoing calls constitutes an invasion of privacy;

   f.  Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

   g.  Whether Defendants should be enjoined from engaging in such conduct in the future.

20. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the grater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

HYDE & SWIGART
San Diego, California

21.  Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interests antagonistic to any member of The Class.   Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

22.  Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.   Absent a class action, The Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.   Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

23.  A class action is a superior method for the fair and efficient adjudication of this controversy.   Class-wide damages are essential to induce Defendant to comply with federal and California law.   The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

24.  Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

### FIRST CAUSE OF ACTION
### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 630 *ET SEQ.*

25.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.  Californians have a constitutional right to privacy.   Moreover, the California Supreme Court has definitively linked the constitutionally protected right to

privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted).   Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *Kearney v. Salmon Smith Barney, Inc.,* (2006) 39 Cal. 4th 95, 125.

27.   California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party.   Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded.   The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.   There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

28.   Plaintiff is informed and believes and thereupon alleges that Defendant employed and/or caused to be employed certain wire-tapping, eavesdropping, recording, and listening equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

29.   Plaintiff is informed and believes and thereupon alleges that all these devises were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

30. Said wire-tapping, listening, recording, and eavesdropping equipment was used to record, monitor, or listen to the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code §§ 631(a) and/or 632.6(a).

31. At no time that these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the interceptions, eavesdropping, wire-tapping, listening, and recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

32. Defendant, knowing that it was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, wire-tapping, listening, and recording activities relative to the telephone conversations between Plaintiff The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

33. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

34. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### SECOND CAUSE OF ACTION
### INVASION OF PRIVACY: COMMON LAW

HYDE & SWIGART
San Diego, California

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.   Defendant invaded Plaintiff the members of The Class' right to privacy by intentionally allowing the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone conversation with Plaintiff and the members of The Class and negligently maintaining the confidentiality of the information of Plaintiff and the members of The Class, as set for above.

37.   The intrusion through the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone conversations with Plaintiff and the members of The Class and the negligently maintaining of the confidentiality of the information of Plaintiff and The Class, was offensive and objectionable to Plaintiff, the Class, and to a reasonable person of ordinary sensibilities.

38.   The intrusion was into a place or thing which was private and which is entitled to be private, in that Plaintiff and The Class' personal conversations and information provided to Defendant were made privately, were intended not to be recorded, and were intended to be kept confidential and protected from unauthorized disclosure.

39.   As a proximate result of Defendant's above acts, Plaintiff and The Class' personal conversations and information were intentionally wire-tapped, eavesdropped, recorded, and listened to, and then distributed and used by persons without prior written authorization, and Plaintiff and The Class suffered general damages in an amount to be determined at trial according to proof.

40.   Defendant is guilty of oppression, fraud, or malice by permitting and intentionally wire-tapping, eavesdropping, recording, and listening to Plaintiff and The Class' personal conversations and information with a willful and conscious disregard of Plaintiff and The Class' right to privacy.

41.  Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff and The Class great and irreparable injury in that the personal information maintained by Defendant can be distributed and used by unauthorized persons.  Plaintiff and members of The Class have no adequate remedy at law for the injuries in that a judgment for monetary sanctions will not end the invasion of privacy for Plaintiff and The Class.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

42.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.  Defendant, as aforesaid herein, has various statutory and common law duties not to engage in the aforementioned wire-tapping, eavesdropping, recording, and listening conduct such that Plaintiff and The Class' rights to privacy were invaded and breached.

44.  Defendant negligently and recklessly engages in the aforementioned eavesdropping, wiretapping, recording, and listening conduct of Plaintiff and The Class.

45.  These activities of Defendant as aforesaid in this cause of action and in this Complaint, legally caused actual, statutorily-imposed and/or demonstrable damages to Plaintiff and The Class.

46.  As a result of Defendant's activities as aforesaid in this cause of action and Complaint, Plaintiff and The Class suffered damage as a result of the conduct of Defendant.   Plaintiff and The Class are entitled to their damages in an amount according to proof at the time of trial.

### FOURTH CAUSE OF ACTION

HYDE & SWIGART
San Diego, California

**UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS ACTS AND PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***

47.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.   As a result of Defendant's violations of California Penal Code §§ 631(a) and/or 632.6(a), as set forth above, and Defendant's violation of California Business and Professions Code § 17200, as set forth below, Plaintiff and The Class have suffered an injury in fact by, among other things, having their personal information recorded without their prior permission or consent, as required by California Penal Code § 630 *et seq.*   Additionally, Plaintiff and The Class have lost property in that Plaintiff and The Class suffered and are each entitled to the greater of statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a), or three times actual damages per violation pursuant to Penal Code § 637.2(a).

49.   Defendant's conduct in violation of California Penal Code §§ 631(a) and/or 632.6(a), as set forth above, violates California Business and Professions Code § 17200 in the following respects:

a.   Defendant's conduct of overhearing, recording, and listening to each and every incoming and outgoing telephone conversation with Plaintiff and The Class without their prior consent, as set forth above, constitutes an unlawful business practice because Defendant's conduct violates California Penal Code §§ 631(a) and/or 632.6(a); and

b.   Defendant's conduct of overhearing, recording, and listening to each and every incoming and outgoing telephone conversation with Plaintiff and The Class without their prior consent, as set forth above, constitutes an unfair business practice because Defendant's practice is unethical, unscrupulous, and substantially injurious to consumers.   The harm to

1    Plaintiff and the members of The Class outweighs the utility, if any, of

2    Defendant's practices.

3  50.  Defendant's unlawful and unfair business practices, as described above,

4    present a continuing threat to Plaintiff and the Class since Defendant

5    continues to overhear, record, and listen to each and every incoming and

6    outgoing telephone conversation with California residents, including Plaintiff

7    and The Class without their prior consent.   Plaintiff and The Class have no

8    other adequate remedy of law in that absent equitable relief from the Court,

9    Defendant is likely to continue to injure California residents, and thus

10   engendering a multiplicity of judicial proceedings.

11 51.  Pursuant to Business & Professions Code § 17203, Plaintiff and The Class

12   seek an order of this Court for equitable and/or injunctive relief in the form of

13   an order instructing Defendant to prohibit the overhearing, recording, and

14   listening to of each and every incoming and outgoing telephone conversation

15   with California residents, including Plaintiff and The Class without their prior

16   consent and to maintain the confidentiality of the information of Plaintiff and

17   The Class.   Plaintiff and The Class also seek the recovery of attorney's fees

18   and costs in prosecuting this action against Defendant under Code of Civil

19   Procedure § 1021.5 and other applicable law.

20

21

22                    **PRAYER FOR RELIEF**

23      Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The

24 Class members the following relief against Defendants, and each of them:

25    a.  That this action be certified as a class action on behalf of The Class and

26       Plaintiff be appointed as the representative of The Class;

27

28

HYDE & SWIGART
San Diego, California

b. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

c. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

d. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and The Class;

e. For general damages according to proof;

f. For special damages according to proof;

g. For exemplary or punitive damages;

h. For costs of suit;

i. For prejudgment interest at the legal rate; and

j. For such further relief as this Court deems necessary, just, and proper.

//
//
//
//
//
//
//
//

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: July 30, 2012                    **HYDE & SWIGART**

                                       By:  /s Joshua B. Swigart
                                            Joshua B. Swigart


                                       **Kazerouni Law Group, APC**


                                       By:  /s Abbas Kazerouni
                                            Abbas S. Kazerouni
                                            Attorneys for Plaintiff