Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorneys for Objector Susan House

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHUYLER HOFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 3:12-cv-539 JAH (DHB)<br><br>**RESPONSE OF OBJECTOR SUSAN HOUSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEY FEES**<br><br>Date: September 22, 2014<br>Time: 2:30 P.M.<br>Courtroom: 13b<br>Hon. John A. Houston |

**A.  The Class Did Not Receive Adequate Notice: Bank Of America Must Provide Direct Notice To Its Mortgage Clients.**

We learn from the Motion for Final Approval that although the class consists of 1,454,181 persons, only 892 people submitted claims.  This spectacularly low claims rate (approximately 6/100 of 1%) is explained as a result of the fact that not all class members were actually subject to unrecorded claims.  We also learn that the settlement website only received 1,081 visits (again less than one tenth of one percent of the class) and that 369 class members contacted the settlement administrator to discuss the Class Notice,

1

their options, and the case status telephonically.  Memorandum of Law in Support of Final Approval Motion, Doc. 56-1, page 12.  Although the $1,811.08 consideration may be a favorable result for those class members submitting claims, the overall results must be judged in terms of the recovery for the entire class.  We would ask the court to consider the rights of the 1,453,289 class members who did not submit claims, and 1,453,100 class members who did not visit the settlement website.

      Class Counsel have claimed direct notice is impracticable because Bank of America retained the recordings of telephone conversations for only 60 days, and without these recordings, it is impossible to ascertain who was recorded and who was not and, of those who were recorded, who received the disclosure and who did not.  This problem underscores our argument that this action may not be suitable for class certification because it is impossible to determine who is a member of the class and who is not.

      Leaving this aside, it is clear that the majority of potential class members are Bank of America's mortgage customers (current or previous).  Contrary to Class Counsel's assertion that direct notice is not necessary, Fed. Rule Civ. Proc. 23(c)(2)(B) clearly states that the parties are required to provide  "the best notice that is practicable under the circumstances, including *individual notice to **all** members who can be identified through reasonable effort*."  Defendants also claim direct notice is not necessary because the class includes "Defendant's former customers who had defaulted on their mortgages and no longer live at the same addresses." (Doc. 56-1, page 26)  In fact, although certainly there have been many foreclosures over the last several years, surely Bank of America has contact information for many current and former clients.  Rule 23 requires individual notice to those clients.  Although mortgage foreclosures are high, according to a by Moody's Investor Services, as analyzed by *Propublica* (a non-profit public interest research organization)*,* Bank of America delayed processing of foreclosures and home modifications, so many of those in default on their mortgages were not actually been

foreclosed on in a timely fashion.  These are the customers most likely to have had telephone calls with Bank of America's mortgage department, and are likely the class members who would fill out the claim form if aware of the potential benefits available under the settlement.  See "By the Numbers: A Revealing Look at the Mortgage Mod Meltdown", *available at http://www.propublica.org/article/by-the-numbers-a-revealing-look-at-the-mortgage-mod-meltdown* (reporting that "The largest servicers, especially Bank of America, have left most struggling homeowners in limbo without either modifying or foreclosing.")  We would ask the court to recognize that the client relationship at issue here is not a casual one – Bank of America is or was in the past owed hundreds of thousands of dollars by their mortgage clients:  we can assume Bank of America's records are not so deficient that they cannot possibly reach a fair number of these clients.

**B.    The Court Should Be Aware Of Potential Undisclosed Conflicts Of Interest.**

The attorneys working together on this class action lawsuit have a history of joint work in class action settlements.  The court will note a high degree of overlap between the cases cited in the declarations of Joshua Swigart and Abbas Kazerouni.  Although this violates no rules of professional misconduct *per se*, it suggests that fee requests in particular should be scrutinized with some care.  In *Rose v. Bank of America*, Case No.: 5:11-CV-02390-EJD, the judge was troubled by what appeared to be unnecessarily duplicative work on the part of attorneys who had worked together on multiple lawsuits and appeared to have the same pattern of unnecessarily duplicative work, despite their protestations to the contrary.  *See* Order Granting Motion For Final Approval Of Settlement; Granting In Part And Denying In Part Motion For Attorney's Fees And Costs, Case No.: 5:11-CV-02390-EJD,  Doc. 108, (N.D. Cal. Aug.29, 2014), attached hereto as Exhibit A.  After a detailed analysis of the lodestar information provided by Class Counsel, the judge reduced the total hours claimed by 960 hours (from 2560.7 hours to 1700.7 hours), and also reduced the lodestar multiplier from 8.65 to 2.59.  The

overall fees awarded were thus $2,402,243.91, rather than the $8,020,976.00 requested by Class Counsel.

Unfortunately, in this case Class Counsel did not provide sufficiently detailed information on the types of work performed by individual attorneys to enable the court to analyze whether an inordinate number of attorneys were present at settlement negotiations, or doing duplicative work during other phases of the litigation. As we suggested in the Objection, given the similarity of this case to other similar cases, specifically *Knell v. FIA Card Services*, Case 3:12-cv-00426-AJB-WVG, we are concerned about overlap and double billing for brief preparation and legal research. As we noted, a review of the pleadings and motions filed in the two cases show the cases are nearly identical in many respects – except in responding to the objection.

**C.   The Class Representative may be subject to a conflict of interest.**

Our analysis of *Knell v. FIA Card Services* has raised additional concerns. Since filing the objection we learned that Schuyler Hoffman, named plaintiff in this case, was also named plaintiff in at least two similar cases filed within a few days of this litigation. Both *Hoffman v. Wells Fargo Bank, N.A.*, Case No. 3:12-cv-00554, (S.D. Cal.)(complaint filed March 5, 2012) and *Hoffman v. Cenlar Agency, Inc.*, (Case No. 12cv414 L(NLS)) 2013 WL 1285126 (S.D.Cal.,) (ruling on motion to dismiss dated March 27, 2013 attached hereto as Exhibit B) concerned allegations related to a single telephone call. Mr. Hoffman, who is himself an attorney and named partner in the firm of Hoffman & Forde, graduated from the California Western School of Law in 2007, as did Mr. Kazerourni. According to the firm's website:

> Hoffman & Forde, Attorneys at Law is a boutique law firm that specializes in mortgage negotiations, loan modifications and loan workouts, residential and commercial real estate transactions, bankruptcy, and estate planning. We use our extensive knowledge, experience, and expertise to stop foreclosures, restructure terms of debt, negotiate short sales, navigate federal bankruptcy laws and quickly assist in unlawful detainer actions. We also protect

        homeowners from predatory lending practices and engage in business and consumer litigation.

The named plaintiff in *Knell v. FIA Card Services*, *supra,* Katie Susan Knell, appears to be an associate attorney at the firm of Hoffman & Forde in San Diego (the firm of the named plaintiff in this case). According to the firm's website, Ms. Knell earned her Juris Doctor Degree in April 2012 from the California Western School of Law, and was admitted to the California Bar in December of 2012. As a member of Hoffman & Forde, Ms. Knell presumptively also represents homeowners in loan modification and restructuring transactions.

Since Hoffman & Forde is actively engaged in representing homeowners with defaulted mortgages, or homeowners otherwise interested in modifying their mortgages, Mr. Hoffman has no doubt represented many potential claimants in this lawsuit, raising conflict of interest issues. We believe the court should require additional investigation to determine if Mr. Hoffman's clients have waived his conflict of interest related to this case. This settlement will release their claims – potentially worth thousands of dollars; they should know that their attorney is receiving financial compensation in this case. *See* State Bar Rule 3-310: Avoiding the Representation of Adverse Interests. In addition, we are concerned that Mr. Hoffman may have improperly notified some of his clients of the benefits of participating in this Settlement – to the disadvantage of other class members who are not Mr. Hoffman's clients. We also recommend that the court require additional information from Mr. Hoffman and the Settlement Administrator to determine how many of his clients have submitted claims under this litigation.

Finally, we are also concerned that Mr. Kazerouni may be improperly compensating his attorney friends who serve as class representatives. Mr. Hoffman was a classmate of Mr. Kazerouni, which raises a question as to the independent judgment he is exercising in his service as class representative, but also raises questions as to Mr. Kazerouni's arrangements with his friends and colleagues. Improper compensation of class representatives has been a problematic issue for class action attorneys in the past,

and the court must be vigilant in this area. Based on a cursory review of Mr. Kazerouni's other cases, it appears other attorneys frequently serve as class representatives in his cases. The recent case of *Eubank v. Pella Corp.*, 13-2091, 2014 WL 2444388 (7th Cir. June 2, 2014), decided by Justice Posner, highlighted the unfairness that can result when class representatives and class counsel have a pre-existing relationship and/or improper lack of independence. *See Eubank,* at *3 (Noting "The case underscores the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement).

**D.     Conclusion**

Class Counsel seek to trivialize the objection through *ad hominem* attacks on objectors' counsel. We respectfully submit that the lack of independence of the class representative raises issues as to the overall fairness of this settlement. Similarly the attorneys have raised concerns over the extent of their work, given the multitude of nearly identical lawsuits filed with the same allegations, albeit different defendants. The low claims rate, combined with a lack of individual notice, further argues against approval of this Settlement

LAW OFFICES OF DARRELL PALMER PC

Dated:   September 8, 2014          By: /s/ Joseph Darrell Palmer_____
                                        Joseph Darrell Palmer
                                        Attorney for Objector Susan House

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2014, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of California by using the USDC CM/ECF system.

I certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system.

       ___/s/ Joseph Darrell Palmer____
       Joseph Darrell Palmer