**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Schuyler Hoffman

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SCHUYLER HOFFMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.:** 3:12-cv-539 JAH (DHB) |
| Plaintiff, | **PLAINTIFF SCHUYLER HOFFMAN'S REPLY TO OBJECTOR SUSAN HOUSE'S OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES** |
| v. | |
| **BANK OF AMERICA, N.A.,** | **DATE:** November 3, 2014 |
| Defendant. | **TIME:** 2:30 p.m. |
| | **COURTROOM:** 13B |
| | **HON. JOHN A. HOUSTON** |

///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

I.   **INTRODUCTION**

On September 8, 2014, Objector SUSAN HOUSE ("House") opposed Plaintiff SCHUYLER HOFFMAN ("Plaintiff") and Defendant BANK OF AMERICA, N.A. ("Defendant")'s Final Approval Motion.  [ECF No. 57]. Thereafter, this Court requested additional briefing on the matters addressed in House's objection on September 17, 2014.  [ECF No. 59].  Following careful consideration of House's allegations, Hoffman and BofA ("the Parties") respectfully request this Court finally approve this substantial class action settlement and reward House and House's counsel for improving said settlement. Each of House's objections will be discussed in turn below.  However, Plaintiff's counsel, in an abundance of caution met and conferred with House's counsel to discuss House's perceived issues.  As a result of this meeting, House will be withdrawing all of House's objections as show by the stipulation attached as Exhibit A to the Declaration of Abbas Kazerounian ("Kazerounian Decl.").

II.   **ARGUMENT**

Class Counsel assert that (A) the Class received adequate notice under the circumstances; and, (B) there are no undisclosed conflicts of interest in this matter.

A.  THE  CLASS  RECEIVED  ADEQUATE  NOTICE  UNDER  THE CIRCUMSTANCES.

First, House contends that Defendant should be ordered to provide direct notice to Defendant's mortgage clients.  [*See* Objection, pages 1-3].  However, given the lack of evidence regarding who was actually recorded and lack of addresses for potential class members, the Parties argue that publication notice was "the best notice that is practicable under the circumstances (Objection, 2:16-19)," since determining which consumers should receive direct notice is "impossible."  [*See* Joint Motion for Preliminary Approval of Class Action Settlement, 13:18-20].  As discussed in Plaintiff's Motion for Preliminary Approval, Defendant did not retain the recordings required to determine which consumers did not receive Defendant's standard recording disclosure and who should receive direct notice as a result.  [*Id.*].

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

After conducting a thorough search for these recordings, which surpassed the reasonable efforts required by Fed. R. Civ. P. 23(c)(2)(B), the Parties determined that the necessary recordings were not maintained.  As such, publication notice was "the best notice that is practicable under the circumstances" because it is impossible to determine which consumers failed to receive Defendant's customary recording disclosure.  [*Id*. at page 19-21].  Thus, Defendant is unable to identify the consumers that would be entitled to receive direct notice which renders publication notice sufficient.

1.      ***Regardless, Class Counsel has agreed to provide additional notice to address House's concerns.***

Following notification of House's objection, Class Counsel arranged to meet and confer with House and House's Counsel, Joseph Darrell Palmer, under the supervision of the Honorable Herbert Hoffman (Ret.) of Judicate West. [Declaration of Abbas Kazerounian ("Kazerounian Decl."), ¶ 5].  As a result of this half day discussion, Class Counsel agreed to extend the claims period to October 21, 2014.  [*Id*. at ¶¶ 6-7].  During this time, all late claims will be accepted and any previously rejected claims may be resubmitted.  [*Id*. at ¶ 8].  Moreover, Class Counsel has agreed to provide additional notice of the extended claims period through the settlement website.  [*Id*. at ¶ 8].  Given the issues with direct notice discussed above, this extended notice period is intended to allow even more consumers adequate opportunity to become part of this class settlement.

After discussing the additional claims period with House, Class Counsel believe that providing additional notice to consumers adds material value to the class settlement.  As a result, Class Counsel requests House receive $500 of Hoffman's requested $1,500 incentive award.  [*Id*. at ¶ 10].  In addition, Class Counsel will not object to a fee petition from Palmer for up to $35,000 of the funds requested by Class Counsel.  [*Id*. at ¶ 11].  This disbursement to House and Palmer will not diminish the amount received by the class members and is intended to reward both

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

House and Palmer for the added value to the class settlement.

**B. THERE ARE NO UNDISCLOSED CONFLICTS OF INTEREST BETWEEN PLAINTIFF'S COUNSEL.**

Second, House argues that a conflict of interest may exist between Plaintiff's counsel, the Kazerouni Law Group, APC; and, Hyde & Swigart. [*See* Objection, pages 3-4]. However, this portion of the objection fails to include any authority explaining how law firms that litigate together would experience a conflict of interest, nor is there a discussion regarding why this potential conflict of interest would not extend to Orsansky & Yeremian LLP, another law firm that was also appointed Class Counsel. [*See* this Court's Preliminary Approval Order, ECF No. 48, ¶ 5]. Undisputedly, Orshansky & Yeremian LLP have no connection whatsoever to Plaintiff other than this litigation. [Declaration of Anthony Orshansky, ¶ 4]. Thus, Plaintiff requests this Court disregard this unsupported argument in ruling on Plaintiff's Motions.

**C. THERE ARE NO UNDISCLOSED CONFLICTS OF INTEREST WITH THE CLASS REPRESENTATIVE.**

Thereafter, House asserts that a conflict of interest may exist because (1) Abbas Kazerounian attended California Western School of Law during the same period as Plaintiff; (2) State Bar Rule 3-310 precludes Plaintiff from acting as class representative; and, (3) Plaintiff's counsel may be improperly compensating Plaintiff for serving as class representative. As discussed below, each of these arguments are inaccurate.

**2.** ***No conflict of interest was created by attending California Western School of Law because Plaintiff and Kazerounian did not meet until after law school.***

House argues that an alleged conflict of interest may exist because Plaintiff's counsel, Abbas Kazerounian, attended California Western School of Law during the same period that Plaintiff was there. This argument is simply unfounded because Kazerounian and Plaintiff did not even know each during law school. [*See* Hoffman Decl., ¶ 5; and, Kazerounian Decl., ¶ 3]. In fact, Plaintiff and Kazerounian did not

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

meet until more than two years after law school.   [Hoffman Decl., ¶ 6; and Kazerounian Decl., ¶ 4].   Even had Plaintiff and Kazerounian known each other during graduating from law school, such a relationship along does not create a conflict of interest.   In fact, during the meet and confer before Judge Hoffman (Ret.), House discussed this issue with Plaintiff's counsel and is now satisfied that no conflict of interest exists and intends to withdraw House's objection.   [*See* Exhibit A].   Thus, Plaintiff requests this Court disregard House/Palmer's argument in ruling upon Plaintiff's Motions.

> **3.**      ***State Bar Rule 3-310 is inapplicable to this situation and should be disregarded.***

Moreover, House argues that State Bar Rule 3-310 precludes Plaintiff from acting as class representative.   Since House simply cites to this rule in general, each subsection of this rule is addressed in turn in an abundance of caution.   First, State Bar Rule 3-310(B) states

> A member shall not accept or continue representation of a client without providing written disclosure to the client where:
>
> > (1)  The member has a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; or
> >
> > (2) The member knows or reasonably should know that:
> >
> > > (a) the member previously had a legal, business, financial, professional, or personal relationship with a party or witness in the same matter; and
> > >
> > > (b) the previous relationship would substantially affect the member's representation; or
> >
> > (3) The member has or had a legal, business, financial, professional, or personal relationship with another person or entity the member knows or reasonably should know would be affected substantially by resolution of the matter; or

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(4) The member has or had a legal, business, financial, or professional interest in the subject matter of the representation.

Here, State Bar Rule 3-310(B) is inapplicable on its face since Plaintiff is neither accepting nor continuing representation of any party to this action. Quite clearly, Plaintiff is not acting as an attorney in this matter in any manner which precludes application of this rule.

Next, State Bar Rule 3-310(C) states:

A member shall not, without the informed written consent of each client:

(1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or

(2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict; or

(3) Represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter.

Again, State Bar Rule 3-310(C) bears no relation to this Action because Plaintiff does not represent any party. As such, the requirements of this rule are inapplicable here.

Similarly, State Bar Rule 3-310(D) is irrelevant for the same reason. Said rules states "[a] member who represents two or more clients shall not enter into an aggregate settlement of the claims of or against the clients with the informed consent of each client." On its face, State Bar Rule 3-310(D) only applies in situations where an attorney represents multiple parties in a single action. As repeatedly discussed above, Plaintiff is not a part of this action in Plaintiff's role as an attorney

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

and does not represent any clients here.  Thus, this Rule is inapplicable.

Again, State Bar Rule 3-310(E) bears even less relation to the case at bar. This rule states that "[a] member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment."   Clearly, Plaintiff is not accepting employment of any kind by agreeing to act as class representative in this action.   Plaintiff serving as class representative was done solely to remedy the violations as alleged in Plaintiff's operative pleading.  Thus, Plaintiff requests this Court disregard this ruling in deciding Plaintiff's Motions.

Finally, State Bar Rule 3-310(F) states that

> member shall not accept compensation for representing a client from one other than the client unless:
>
>> (1)  There is no interference with the member's independence of professional judgment or with the client-lawyer relationship; and
>>
>> (2) Information relating to representation of the client is protected as required by Business and Professions Code section 6068, subdivision (e); and
>>
>> (3)  The member obtains the client's informed written consent, provided that no disclosure or consent is required if:
>>
>>> (a) such nondisclosure is otherwise authorized by law; or
>>>
>>> (b) the member is rendering legal services on behalf of any public agency which provides legal services to other public agencies or the public.

Here, this rule does not govern the current action since Plaintiff is not representing any party nor is Plaintiff being compensated for representation by

anyone.  Even if this rule applied, various Courts have repeatedly held that unnamed members of a class are not clients of class counsel for conflict purposes.  *See City of San Diego v. Haas*, 2012 Cal. App. LEXIS 763 (June 29, 2012); *Kullar v. Foot Locker Retail, Inc.*, 2011 Cal. App. LEXIS 42 (Jan. 18, 2011); and, *Sharp v. Next Entm't Inc.* 78 Cal. Rptr. 3d 37 (2008).  As before, House discussed this issue with Plaintiff's counsel during the meet and confer before Judge Hoffman (Ret.) and now believes that State Bar Rule 3-310 is inapplicable.  [*See* Exhibit A].  Based upon the discussion above, Plaintiff requests this Court disregard State Bar Rule 3-310 in ruling upon Plaintiff's Motions.

### 4.  *No party is being improperly compensated in this action.*

For several reasons, House's "concern" that Kazerounian may be improperly compensating class representatives is misplaced.  [Objection, pages 5-6].

First, this argument disregards the fact that the settlement was reached as a result of arm's length negotiations facilitated by retired judge, Edward A. Infante of JAMS with class counsel from three separate law firms.  As such, the settlement is entitled to the presumption that no collusion or improper conduct occurred.[1]

Second, *Eubank v. Pella Corp.*, 2014 U.S. App. LEXIS 10332, 2014 WL 2444388 (7th Cir. June 2, 2014) cited by Palmer/House in support of their position is readily distinguishable.  In *Eubank*, the district judge certified two separate class

---

[1] *See In re Bluetooth Headset Prods.  Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *Milliron v. T-Mobile USA, Inc*., 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (approving a settlement after a one-day mediation before a retired federal judge and noting that "the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties (emphasis added)"); *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) (approving settlement after a one-day mediation and noting that "the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Larson v. Sprint Nextel Corp.*, 2010 WL 239934, at *11 (D.N.J. Jan. 15, 2010) (same); *Bert v. AK Steel Corp.*, 2008 WL 4693747, at *2 (S.D. Ohio Oct. 23, 2008); 2 McLaughlin on Class Actions § 6:7 (8th ed) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion (emphasis added)."); and, *Dennis v. Kellogg Co.*, No. 09-CV1786, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," thus establishing that the proposed settlement was noncollusive (emphasis added).").

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

actions relating to defective windows.  *Id*. at *721.  Despite certification of two classes, class counsel negotiated a settlement for only a single nationwide class and the district granted preliminary approval.  *Id*.  Thereafter, the Seventh Circuit reviewed the class settlement and found numerous issues inapplicable to the current matter.  First, the settlement agreement provided lead class counsel, the class representative's son-in-law, sole discretion to allocate attorneys' fees for prosecution of the matter, 73% of which was allocated to the class representative's son-in-law. *Id*. at 721-22.  Second, "class counsel was to receive its entire award of attorneys' fees up front; class members were to obtain merely a contingent claim."  *Id*. at 723. Third, only class representatives that supported the award were to receive incentive awards.  *Id*.  Fourth, the settlement agreement was approved before the final deadline for filing claims without estimates as to the number of claims to be filed. *Id*.  Based upon these issues, the Seventh Circuit determined that the "settlement was stacked against the class."  *Id*. at 725.  Here, no such issues are present.  As previously approved by this Court, each class member that submitted a timely claim will receive a fixed amount of $1,811.08.  Moreover, Plaintiff's counsel has requested only the benchmark of 25% based upon a small multiplier.  As such, examination of the record in this matter establishes a drastically different case than what was before the Seventh Circuit.  Thus, House's citation to *Eubank* is misplaced and should be disregarded.

Third, House also relies upon *Rodriguez v. West Publishing*, 563 F.3d 948 (9th Cir. 2009) in a "Supplemental" Opposition that was filed on September 10, 2014. [ECF No. 58].  As an initial matter, this supplemental opposition was filed untimely pursuant to this Court's March 10, 2014 modifying the preliminary approval deadlines. [ECF No. 51].  Pursuant to Local Rule 7.1(f)(3)(c), untimely oppositions may constitute consent to the granting of the Motion.  Moreover, review of House/Palmer's "Supplemental" Opposition readily establishes that nothing contained therein was unavailable to House/Palmer prior to the filing of the initial

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Opposition.  As such, Plaintiff requests this Court disregard the contents of Defendant's "Supplemental" Opposition.

Assuming *arguendo* this Court elects to consider Defendant's "Supplemental" Opposition, *Rodriguez* is readily distinguishable from the matter at bar.  In *Rodriguez*, the Ninth Circuit held that the incentive *agreements*, as distinguished from the typical incentive award, entered into by the class representatives and class counsel created a conflict of interest between the class representatives and the class members.  Specifically,

> [t]he incentive agreements obligated class counsel to seek payment for each of these five in an amount that slid with the end settlement or verdict amount: if the amount were greater than or equal to $500,000, class counsel would seek a $10,000 award for each of them; if it were $1.5 million or more, counsel would seek a $25,000 award; if it were $5 million or more, counsel would seek $50,000; and if it were $10 million or more, counsel would seek $75,000.

*See Rodriguez*, 563 F.3d at 955.

After reviewing the terms of the incentive agreement, the Ninth Circuit stated that "[b]y tying [the Class Representatives] compensation – in advance – to a sliding scale based upon the amount recovered, the incentive agreements disjoined the contingency financial interests of the contracting representatives from the class."  *Id* at 959.  Moreover, the incentive agreement also created a disincentive to go to trial since a trial would put the monetary at risk for only a marginally greater gain.  *Id*.  Finally, "the incentive agreement also gave the Class Representatives an interest in a monetary settlement, as distinguished from other remedies, that set [the Class Representatives] apart from other members of the class."  *Id*. at 960.  Here, no such issues are present.  Prior to filing this action Plaintiff was informed that Class counsel "may apply to the Court for a special award to compensate the class representative(s) for their contribution to the action. You understand, however, that unless such an award is approved by the Court you

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

will only be entitled to your pro rata share of funds available for distribution to all class members." [Hoffman Decl., ¶ 7]. As such, Plaintiff was explicitly informed that the incentive award is merely given at the discretion of this Court and did not provide Plaintiff with an incentive to disregard the class members' interests. [*Id.* at ¶ 8]. Moreover, Plaintiff is not receiving a referral or any other special treatment for retaining Plaintiff's counsel for this matter. [*Id.* at ¶ 9]. Thus, *Rodriguez* is inapplicable since Plaintiff's incentive award is drastically different than the incentive agreement at issue in the Ninth Circuit's Opinion. After discussing this issue with House, House has agreed to withdraw House's objection on this issue since House is satisfied that no conflict exists. [*See* Exhibit A].

### D. THE NINTH CIRCUIT REQUIRES MORE THAN SPECULATIVE ASSERTIONS OF CONFLICT.

Pursuant to Ninth Circuit authority, the mere potential for a conflict of interest is not sufficient to defeat class certification; the conflict must be actual, not hypothetical. *See Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) ("[T]his circuit does not favor denial of class certification on the basis of speculative conflicts."); *Soc Servs. Union, Local 535 v. County of Santa Clara*, 609 F.2d 944, 948 (9th Cir. 1979) ("Mere speculation as to conflicts that may develop at the remedy stage is insufficient to support denial of initial class certification."); *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975) (noting that "potential conflicts" do not present a valid reason for refusing to certify a class.). Similar to the situation at bar, *In re Static Random Access Memory Antitrust Litig.*, 264 F.R.D. 603 (N.D. Cal. 2009) examined a conflict of interest asserted between Plaintiff's counsel and the Class Representatives for various reasons including an ongoing business relationship. *Id.* at 609. However, there was no evidence regarding "how any of these relationships have manifested a conflict nor have they provided legal authority that establishes that these relationships establish conflicts." *Id.* To the contrary, "it 'would seem a bit anomalous that an individual whose [relative or friend] has developed a reputation as a competent [] lawyer should be prohibited from turning to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

his [relative or friend] for assistance if he has a legitimate claim. *Id*. citing to *Lewis v. Goldsmith*, 95 F.R.D. 15, 20 (D.N.J. 1982). Based upon this discussion, Chief District Judge Claudia Wilken summarily disregarded the speculative conflict of interest claims asserted in *In re Static Random Access Memory Antitrust Litig*.

Here, Plaintiff put the interest of the class before his own interest throughout the pendency of this litigation. [Hoffman Decl., ¶ 10]. Moreover, Plaintiff strictly retained the Kazerouni Law Group, APC as well as Hyde & Swigart based upon the firms' reputations of integrity and competence in litigating unlawful recording class actions. [*Id*. at ¶ 11]. Plaintiff's belief that the Kazerouni Law Group, APC; and, Hyde & Swigart were the best possible representation culminated in the current class action settlement which provides nearly $2,000.00 cash to each claimant. This alleged "conflict of interest" disregards the favorable settlement achieved by Plaintiff and Plaintiff's counsel and is based strictly upon speculation. Thus, Plaintiff respectfully requests this Court disregard these untimely and tenuous arguments made by House/Palmer.

///
///
///
///
///
///
///
///
///
///
///
///
///

III.   <u>CONCLUSION</u>

For the foregoing reasons, Class Counsel respectfully request that the Court extend the claims period for an extra 30 days with immediate effect; grant Plaintiff's Motion for an award from the Settlement Fund of attorneys' fees in the total amount of $650,000; costs in the amount of $9,343.33; and an incentive award in the amount of $1,500 to Hoffman.   Of the fees requested by Class Counsel, Class Counsel requests this Court award Palmer $35,000 and also award $500 to House from the incentive award requested by Hoffman.   In addition, House has stipulated to withdraw House's objection based upon the discussion herein which should happen in short order.


Date: September 30, 2014                    **KAZEROUNI LAW GROUP, APC**


                                            By:/s/ Abbas Kazerounian
                                            ABBAS KAZEROUNIAN, ESQ.
                                            ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626