Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorneys for Objector Susan House

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHUYLER HOFFMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 3:12-cv-539 JAH (DHB)<br><br>**DECLARATION OF JOSEPH DARRELL PALMER IN SUPPORT OF PLAINTIFF SCHUYLER HOFFMAN'S REPLY TO OBJECTOR SUSAN HOUSE'S OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEYS' FEES**<br><br>Date: November 3, 2014<br>Time: 2:30 P.M.<br>Courtroom: 13B<br>Hon. John A. Houston |

I, JOSEPH DARRELL PALMER, declare:

1. I have personal knowledge of the facts set forth and, if called as a witness, could and would testify competently thereto.

1

2. I represent Susan House in the above captioned matter, and filed her objections to the proposed Settlement to improve the settlement for the benefit of all Class Members.

3. In my representation of objectors in class action settlements, I have secured many improvements for the benefit of millions of class members through appeals or pre-approval improvements and increased settlement payouts by hundreds of millions of dollars.

4. Objectors' appeal in *Dennis v. Kellogg Co.*, No. 3:09–cv–01786–IEG–WMC, resulted in a Ninth Circuit holding that clarified the requirements for *cy pres* awards and has resulted in improved settlements for class members throughout the country 697 F.3d 858 (2012). The successful appeal also led to a substantially improved settlement for the benefit of that class.

5. Objectors, including my client Robert Scott, recently prevailed in the Seventh Circuit in an appeal of the district court's approval of final settlement. A copy of the court's ruling in *Redman v. Radio Shack*, 2014 WL 4654477 (7th Cir. Sept. 19, 2014) (J. Posner), is attached hereto as Exhibit A.

6. House's objection in the above captioned matter raised concerns regarding adequacy of notice and the availability of relevant court documents to class members on the settlement website, among other issues. Many academic commentators have encouraged full disclosure to the class as important due process component.

7. Following filing House's objections to the settlement and Opposition To Plaintiff's Motion For Final Approval And Motion For Attorneys' Fees, I met and conferred with Class Counsel in a half-day discussion facilitated by the Hon. Herbert Hoffman (Ret.).

8. As a result Class Counsel agreed to ask the court to extend the claims period to October 21, 2014 and to disclose all fee and settlement motions on the settlement website.

9. With Judge Hoffman's assistance, we investigated what appeared to be a conflicted class representative, Mr. Hoffman. Those concerns have been resolved as

outlined in his recent declaration.  We are also satisfied that the extended notice period and changes to the settlement website will afford more consumers an opportunity to become part of this class action settlement and set a better example for the using the internet to add greater transparency in class action settlements.

10.  Because of these changes and after meeting and conferring before Judge Hoffman and reviewing Class Counsel's Reply in Support of Final Approval, House has stipulated to withdraw her objections. (Doc. 62)

11.  For services to the class, and in recognition of her efforts to improve the settlement for the benefit of the class, Class Counsel agreed to request awarding House $500 of the $1,500 incentive award previously requested by Hoffman.  I join in this request.

12.  My associate attorney Jan Westfall has a distinguished resume including work at two Amlaw 100 firms in securities litigation and she holds multiple advanced degrees. Her billing rate is $525; she has spent 28 hours on this matter.  I was admitted to practice in 1986 and hold an advanced degree in taxation law and an LL.M in tort litigation.  My billing rate is $695; I have worked on this case for 22 hours.  Our team includes a certified paralegal Maria Carapia, an expert in class action and appellate procedure, her billing rate is $175; she has worked on this case for 10 hours.  Our total lodestar is $31,740 plus expenses of approximately $1500.

13.  For services to the class and for our efforts to improve the settlement and bring these matters to the court attention and improve the settlement, class counsel has agreed to request an allocation of $35,000 of the attorneys' fees previously requested by class counsel. This award will come from Class Counsel's award and will not be a cost to the class.

14.  This request is appropriate because objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law.  See *Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012). And, as Justice Posner wrote last week:

"When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant)." *Redman v. Radio Shack Corp.*, 2014 WL 4654477, Nos. 14–1470, at *4 (7th Cir. Sept. 19, 2014)

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in San Diego, California on October 1, 2014.

/s/ Joseph Darrell Palmer_____
Joseph Darrell Palmer

## CERTIFICATE OF SERVICE

I certify that on October 1, 2014, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of California by using the USDC CM/ECF system and service will be accomplished by the USDC CM/ECF system.

___/s/ Joseph Darrell Palmer____
Joseph Darrell Palmer